NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANGADBIR SINGH SALWAN,**
*Plaintiff-Appellant*

**v.**

**ANDREI IANCU, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Defendant-Appellee*

---

2020-1061

---

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:18-cv-01543-LMB-TCB, Judge Leonie M. Brinkema.

-------------------------------------------------------------

**ANGADBIR SINGH SALWAN,**
*Plaintiff-Appellant*

**v.**

**ANDREI IANCU, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES**

## PATENT AND TRADEMARK OFFICE,
*Defendant-Appellee*

————————————

2020-1301

————————————

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:18-cv-01543-LMB-TCB, Judge Leonie M. Brinkema.

————————————

Decided: September 8, 2020

————————————

ANGADBIR SINGH SALWAN, Bethesda, MD, pro se.

MAI-TRANG DUC DANG, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for defendant-appellee. Also represented by KAKOLI CAPRIHAN, THOMAS W. KRAUSE; KIMERE JANE KIMBALL, Office of the United States Attorney for the Eastern District of Virginia, United States Department of Justice, Alexandria, VA. Also represented by FARHEENA YASMEEN RASHEED, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, in 2020-1061.

————————————

Before O'MALLEY, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Angadbir Singh Salwan ("Salwan") appeals the United States District Court for the Eastern District of Virginia's grant of summary judgment in an action brought under 35 U.S.C. § 145. *Salwan v. Iancu*, No. 1:18-CV-1543, 2019 WL 4144308 (E.D. Va. Aug. 30, 2019). For the foregoing reasons, we *affirm* the district court's decision.

BACKGROUND

Salwan is listed as the inventor on U.S. Patent Application No. 15/188,000 ("the '000 application"). The '000 application, titled "Physician to Patient Network System for Real-Time Electronic Communications & Transfer of Patient Health Information," discloses "a private [and] secure infrastructure for independently practicing physicians and patients for real-time electronic communication [and] transfer of patient health information." J.A. 276. The application contemplates exchange of patient health information, including electronic medical records data ("EMR") data and billing data, between physicians, patients, and healthcare product manufacturers. Claim 1 is representative:

> 1. An EMR computing system for exchanging patient health information among healthcare user groups or the healthcare user group and patients over a network, the system comprising:
>
> a central computer program embodied in a computer readable medium or embodied in a central server and a central database storing patient EMR data for access by authorized users, the central computer program configured to:
>
> > communicate through at least one computer program, which includes EMR and billing software, with at least one private database for a healthcare user group, the database comprising at least patient EMR and billing data, and accounting data confidential for the healthcare user group;
> >
> > receive from the at least one private database EMR data including at least one of health problems, medications, diagnosis, prescriptions, notes written by a healthcare service provider, diagnostic test

> results or patient accounts data for storing in the central database, wherein the healthcare user group's confidential accounts data including one or more insurance companies accounts data, is not received;
>
> selectively retrieve the stored EMR data, generate one or more healthcare reports including one or more of health problem list, medication list, diagnoses report, prescription, diagnostic test result report, patient billing report; and
>
> transmit one or more healthcare reports to an authorized healthcare user group or the authorized patient for reviewing.

J.A. 296.

The '000 application claims priority to Salwan's U.S. Patent Application No. 12/587,101 ("the '101 application"), which similarly disclosed and claimed methods of transferring patient health information in a physician-to-patient network, similarly accessible by "physicians, patients, healthcare product suppliers, and related government agencies." *In re Salwan*, 681 F. App'x 938, 939 (Fed. Cir. 2017) (*"Salwan I"*). During prosecution, the examiner rejected the claims of the '101 application as directed to patent ineligible subject matter. The Patent Trial and Appeal Board ("the Board") affirmed the rejection and we affirmed the Board's decision. *Id.* at 941.

As to the prosecution of the '000 application at issue in this case, the examiner likewise rejected the pending claims as directed to patent-ineligible subject matter. The Board affirmed the examiner's rejections and denied Salwan's request for rehearing. Rather than appeal directly to this court, Salwan filed this action against the United States Patent and Trademark Office ("USPTO") in the

Eastern District of Virginia, pursuant to 35 U.S.C. § 145. The parties agreed to proceed on the administrative record and filed cross-motions for summary judgment. The district court granted the USPTO's motion and denied Salwan's motion, determining that the Board had properly concluded that the claims of the '000 application were directed to patent ineligible subject matter. In reaching this conclusion, the court noted that the claims at issue in this case "relate[] to underlying subject matter nearly identical to" that in the '101 application, and that "[t]he conclusions in *Salwan I* with respect to the '101 Application apply with equal force here." *Salwan*, 2019 WL 4144308, at *5.

Salwan moved to amend the district court's judgment under Federal Rule of Civil Procedure 59. While this motion was pending, Salwan filed another motion, this time seeking recusal of the district court judge and requesting reassignment to a new judge based on alleged false statements in the court's opinion. J.A. 528–29. The court denied Salwan's recusal motion and Salwan filed a notice of appeal (Case No. 20-1061). Subsequently, the district court denied Salwan's Rule 59 motion and Salwan filed another notice of appeal challenging the court's summary judgment decision, and alleging, once again, that the district court judge, Judge Brinkerma, was biased against him (Case No. 20-1031). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(C). Given the overlap between the two appeals, we address them together.

## DISCUSSION

In reviewing the grant of a motion for summary judgment we apply the law of the regional circuit in which the district court sits. *AbbVie Deutschland GmbH & Co., KG v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1295 (Fed. Cir. 2014). The Fourth Circuit reviews the grant of a summary judgment motion de novo, "applying the same standard that the district court was required to apply." *Calloway v. Lokey*, 948 F.3d 194, 201 (4th Cir. 2020). In a Section 145

action where, as here, the parties agree to proceed on the administrative record, the district court reviews the Board's decision under applicable Administrative Procedures Act ("APA") standards. *Hyatt v. Kappos*, 625 F.3d 1320, 1336 (Fed. Cir. 2010), *aff'd and remanded*, 566 U.S. 431 (2012). Under the APA, the Board's legal conclusions are reviewed de novo and its factual findings are reviewed for substantial evidence. *HTC Corp. v. Cellular Commc'ns Equip., LLC*, 877 F.3d 1361, 1367 (Fed. Cir. 2017).

Salwan challenges the district court's conclusions regarding patent-eligibility of his rejected claims and the court's denial of his recusal motion under 28 U.S.C. 455(a). We address each in turn.

A.

Absent a "genuine issue of material fact regarding whether the claim element or claimed combination is well-understood, routine, conventional to a skilled artisan in the relevant field," whether a claim recites patent eligible subject matter "can be decided on summary judgment as a matter of law." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).

We agree with the USPTO that our review of the district court's decision on the patent eligibility of Salwan's claims must parallel our decision in *Salwan I*. In *Salwan I*, applying the *Alice* two-step framework, we concluded that Salwan's application was directed to "a method of organizing human activity with respect to medical information." *Salwan I*, 681 F. App'x at 941 (internal quotations omitted). Under *Alice* Step One, we concluded that the claims at issue were directed to "the abstract idea of billing insurance companies and organizing patient health information." *Id.* at 940. And, under *Alice* Step Two, we determined that the inclusion of terms like a generic "network," "computer program," and "central server," are insufficient to transform an abstract idea into a patent-eligible invention. *Id.* at 941.

Comparing the claims of the '101 application at issue in *Salwan I*, and the claims of the '000 application at issue here, reveals that both sets of claims are directed to communication of patient health information over a physician-patient network and both sets of claims require receipt and storage of patient health information data. The claims at issue in both applications read on organizing human activity with respect to medical information, i.e., abstract processes that can be performed by an individual.

Any additional claim limitations, moreover, do not transform the abstract idea into patent-eligible subject matter. *Salwan I* is again instructive. The claims in the '000 application recite additional method steps identical to the ones in the '101 application. In *Salwan I*, we stated, "[g]iven that the claims are directed to well-known business practices, the claimed elements of a generic 'network,' 'computer program,' 'central server,' 'device,' and 'server for processing and transferring' are simply not enough to transform the abstract idea into a patent-eligible invention." *Id.* (citing *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 223 (2014)). Here, too, Salwan's claims merely recite well-known process related to organizing patient health, insurance, and billing information, and add the requirement of implementing them on a computer. Thus, like in *Salwan I*, we conclude that the recited method steps do not transform the abstract idea into patent-eligible subject matter.

Accordingly, we affirm the district court on this point.

## B.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Fourth Circuit reviews a district judge's refusal to recuse for abuse of discretion. *United States v. DeTemple*, 162 F.3d 279, 283 (4th Cir. 1998). As the Supreme Court has explained, "judicial rulings alone almost

never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

On appeal, Salwan contends the district court judge made six materially false statements in deciding the summary judgment motion against him, which warrant her recusal.[1]  Absent a "display [of] deep-seated favoritism or antagonism . . . mak[ing] . . . fair judgment impossible," however, a judge's opinions based on the record do not constitute a basis for a motion under 28 U.S.C. § 455.  *Liteky*, 510 U.S. at 555.  While Salwan may disagree with the judge's characterizations of the record and conclusions based thereon, that does not turn the judge's findings into antagonistic "false statements."  Our agreement with the district court's rulings firmly underscores this conclusion. We find no abuse of discretion in the denial of Salwan's motion for recusal.

## CONCLUSION

For the foregoing reasons, the district court's opinion is affirmed.

## AFFIRMED

### COSTS

The parties shall bear their own costs.

---

[1]    We note that Salwan has a history of accusing judicial officers and court personnel of bias against him upon entry of a dissatisfying decision, most recently, in this very case upon denial of his motion for an oral hearing.  *See* ECF No. 27; *see also* Order, *Salwan v. Iancu*, No. 20-1301 (Fed. Cir. July 27, 2020).